UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____- CIV-_____/_____

KAYLA FOX,
on her own behalf and others similarly situated,

    Plaintiff,

v.

YUZU KAITEN SUSHI LLC,
a Florida Limited Liability Company, and
XUEMIN LI, an individual,

    Defendants.
_____/

**COLLECTIVE ACTION**

## COMPLAINT

### Introduction

Plaintiff, KAYLA FOX ("Plaintiff"), on her own behalf and the employees similarly situated to her, hereby sues Defendants, YUZU KAITEN SUSHI LLC (hereinafter, "YUZU"), a Florida Limited Liability Company, and XUEMIN LI, individually (collectively referred to as "Defendants"), for failing to pay minimum wages to all servers/waitpersons, however variously titled (hereinafter referred to as "servers") pursuant to 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") and the Florida Minimum Wage Act, Florida Statutes §448.110, and Fla. Const. Art. X §24 (hereinafter "FMWA").

1. At all times material to this Complaint, Defendants have owned and operated a restaurant since its opening for at least five years prior to the filing of this Complaint, in Fort Lauderdale, Broward County, Florida within the jurisdiction of this Court.

2. Plaintiff, KAYLA FOX, is an individual residing in Broward County, Florida.

3. At all times material to this Complaint, Defendants orchestrated a common policy and practice of requiring servers to pay a percentage of their tips to Defendants, who in turn distributed

those tips to other employees who do not customarily receive tips and who do not receive the tip credit wage. In addition, Defendants required its servers to perform side work each week that was not incidental to tip producing activities.

4. Defendants violated the FLSA and FMWA by failing to pay class members within the past five (5) years at least the full minimum wage for all hours worked pursuant to the FLSA, the FMWA, and Fla. Const. Art X §24(c) ("Employers *shall* pay Employees Wages no less than the Minimum Wage for *all* hours worked in Florida.") (emphasis added).

5. Plaintiff and proposed class members were/are hourly paid servers who have worked for Defendants within the last five (5) years at Defendants' restaurant in Davie, Florida.

6. Plaintiff and the proposed class members were subjected to the same violations of the FMWA. More specifically all servers were unlawfully required to pool their tips, which were partially shared with employees who do not receive the tip credit wage and who do not customarily receive tips (i.e., kitchen workers and other back of the house employees) and which were partially retained by management. In addition, all servers were required to perform side work each week that was not incidental to tip producing activities.

7. Plaintiff and the proposed class members were subjected to the same violation of the FLSA. Specifically, all servers were unlawfully required to share tips with non-tipped employees and all servers were required to perform side work that was not incidental to tip producing activities. The class of similarly situated employees, potential class members sought to be certified, under 29 U.S.C. §216(b) is defined as:

> **"All persons who worked for Defendants as servers during the three (3) years preceding this lawsuit and who were not paid at least the full minimum wage pursuant to the FLSA for each hour worked,"**

with the precise size and the identity of the FLSA Class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

2

8. Plaintiff also seeks class certification under Fed. R. Civ. P. 23 of the following state law class under Florida state law:

> **"All persons who worked for Defendants as servers during the five (5) years preceding this lawsuit, and who were not paid at least the full minimum wage pursuant to the FMWA for each hour worked."**

9. At all times material to this Complaint, XUEMIN LI has managed and/or operated and regularly exercised the authority to hire and fire employees, determined the work schedules of Plaintiff and Defendants' other employees, set the rate pay of employees, and/or controlled the finances and operations of YUZU. By virtue of such control and authority, XUEMIN LI was an employer of Plaintiff and the other similarly situated servers as such term is defined by the FMWA and the FLSA, 29 U.S.C. §203(d).

## Jurisdiction & Venue

10. This action is brought under the FLSA and Florida law to recover from Defendants minimum wages, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every hourly paid server who worked for Defendants at any time within the past five (5) years.

11. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and supplemental jurisdiction over Plaintiff's Florida Constitution claim pursuant to 28 U.S.C. §1367 because the acts and omissions that give rise to Plaintiff's state law claims are so related to claims in the federal causes of action that they form part of the same case or controversy under Article III of the United States Constitution.

12. This Court has jurisdiction and venue over this complaint as Plaintiff resides in this District, and each of Defendants' violations of the FLSA and the FMWA took place in Broward County, Florida.

**General Factual Allegations**

13. At all times material to this Complaint, Plaintiff worked for Defendants at their restaurant located in Davie, Broward County, Florida.

14. Plaintiff, KAYLA FOX, worked for Defendants as a server between approximately April 1, 2018 and June 13, 2018.

15. At all times material to this Complaint, Defendants paid Plaintiff and the other similarly situated servers pursuant to a "tip credit" method, meaning at an hourly rate of the minimum wage minus a tip credit.

16. At all material times material to this Complaint within the last five (5) years: (a) Defendants deducted a tip credit of, *inter alia*, $3.02/hour [$8.25/hour - $5.23/hour = $3.02/hour] and required servers to pay a percentage of their tips to management, who in turn paid a portion of those funds to non-tip credit employees and also retained a portion of those funds and distributed to management. In addition, servers were required to perform side work that was not incidental to tip producing activities.

17. At all times material to this Complaint, YUZU has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that have been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint, YUZU has employed two (2) or more employees who, *inter alia*: (a) regularly handled and worked on kitchen and commercial equipment—including but not limited to refrigerators and freezers, ovens, grills, fryers, blenders, coffee machines, stoves—that were goods and/or materials moved in or produced for commerce; (b) regularly handled and worked with food, beverages, and alcohol—including but not limited to cheese, meats, fish, vegetables, imported wines and beers, — that were goods and/or materials moved in or produced for commerce; and (c) regularly processed credit card transactions for payments by and for

Defendants' customers through banks and merchant services for credit card companies such as Visa, Mastercard, and American Express.

18. Based upon information and belief, the annual gross sales volume of YUZU has been in excess of $500,000.00 per annum at all times material to this Complaint.

19. At all times material to this Complaint, YUZU has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s), and within the meaning of the FMWA.

20. Defendants are in the business of providing food and drinks to the general public.

21. Defendants have jointly employed Plaintiff and other servers ("class members" or the "class") at Defendants' restaurants since inception within the last five (5) years.

22. Plaintiff and the class members have worked for Defendants in Florida without being paid at least the full minimum wage for all hours worked due to Defendants' illegal policy and practices of (1) requiring Plaintiff and class members to share tips with non-tipped employees who do not customarily and regularly receive tips from customers; and (2) requiring Plaintiff and class members to perform side work that was not incidental to tip producing activities (cleaning interior and exterior windows, cleaning chairs, tables and floors).

23. Plaintiff and all similarly situated employees have regularly performed a specific job for Defendants, i.e. serving food and/or and drinks, which is an integral part of the restaurant business of Defendants.

24. Defendants utilized the tip credit and paid Plaintiff and all similarly situated servers below the applicable tipped minimum wage.

25. Notwithstanding Defendants' preference to pay Plaintiff and the class members through the tip credit, Defendants chose to require Plaintiff and other servers to participate in a tip pool contribution plan that includes traditionally non-tipped employees.

26. Based upon the foregoing practices, Defendants violated and continue to violate the terms of the tip-credit and the FLSA's and the FMWA's provision on minimum wages.

27. As a result of Defendants' common policies, Plaintiff and each similarly situated server is entitled to receive: (1) $3.02/hour for each hour worked as repayment for the tip credit improperly deducted from their wages, as well as the amount of their tips improperly shared with traditionally non-tipped employees; and (2) $3.02/hour for each hour worked performing side work that was not incidental to tip producing activities.

28. More specifically, as a result of Defendants' tip credit violations, Plaintiff, KAYLA FOX, alleges she is entitled to an additional $3.02 per hour for her regular hours worked as repayment for the tip credit improperly deducted from her wages, the amount of her tips improperly shared with traditionally non-tipped employees, as well as an additional $3.02 per hour for hours worked performing side work that was not incidental to tip producing activities, along with liquidated damages in an amount equal to her unpaid minimum wages.

29. The additional persons who may become plaintiffs in this action are employees who are similarly situated to Plaintiffs (i.e. servers, waitpersons, however variously titled) in that: (1) they customarily and regularly received tips from and interacted with Defendants' customers and who suffered from the same pay practice of being paid only the tipped minimum wage while improperly being required to share tips with traditionally non-tipped employees, specifically managers and kitchen workers, who do/did not customarily and regularly receive tips from customers or regularly interact with customers; and (2) they were required to perform side work that was not incidental to tip producing activities.

30. Based upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiffs and other similarly situated servers are in the possession and custody of Defendants.

**Collective/Class Factual Allegations**

31. Class members are treated equally by Defendants. Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

32. Defendants subjected class members to the same illegal practice and policy by forcing the class members to participate in a tip pool contribution plan that includes traditionally non-tipped employees.

33. Defendants subjected class members to the same illegal practice and policy by requiring class members to perform side work that was not incidental to tip producing activities.

34. Based upon information and belief, Defendants have employed over twenty (20) class members who were paid pursuant to a tip credit within the past five (5) years. The exact number of members of each class can be determined by reviewing Defendants' records.

35. Defendants pay class members in the same manner as Plaintiff, deducting a tip credit of, *inter alia*, $3.02/hour and (1) requiring servers to share tips with non-tipped employees who do not customarily and regularly receive tips from customers; and (2) requiring servers to perform side work that is not incidental to tip producing activities.

36. Additionally, Defendants have failed to keep accurate time and pay records for Plaintiffs and all class members pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

37. Defendants' failure to keep accurate time and pay records casts the burden on Defendants to disprove the testimony of Plaintiff and all class members regarding the illegal deductions which they were subjected to by Defendants.

38. At all times material to this Complaint, Defendants violated the FLSA and FMWA by improperly taking the tip credit. Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

39. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b) and Florida law, Plaintiff is entitled to recover all reasonable attorneys' fees and costs from Defendants.

40. The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

41. The claims under the FMWA may be pursued by all similarly situated persons who choose not to opt-out of the state law sub-class pursuant to Fed. R. Civ. P. 23.

42. Plaintiff will fairly and adequately protect the interests of the class and has retained counsel that is experienced and competent in class action and employment litigation.

43. Plaintiff has no interests that are contrary to, or in conflict with, the members of the class.

44. A collective/class action suit, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them.

45. A collective and class action is, therefore, superior to other available methods for the fair and efficient adjudication of the controversy. Absent these actions, many members of the class likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations of the FLSA and the FMWA.

46. Further, even if every member of the class could afford individual litigation against Defendants, it would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

47. There is a well-defined community of interest in the questions of law and fact affecting the class as a whole. The questions of law and fact common to the class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

    a. Whether Defendants' employed servers within the meaning of the applicable statutes, including the FLSA;

    b. Whether servers were uniformly, willfully and wrongfully paid the tipped minimum wage;

    c. Whether Plaintiff and the class members were required to participate in an illegal tip pool plan;

    d. Whether Plaintiff and the class members were required to perform side work that was not incidental to tip producing activities;

    e. What remedies are appropriate compensation for the damages caused to Plaintiff and each member of the class; and

    f. Whether Defendants' failure to compensate Plaintiff and the Class Members at the applicable minimum wage rates was willful, intentional or done with reckless disregard.

48. The relief sought is common to the entire class including, *inter alia:*

    a. payment by the Defendants of actual damages caused by their failure to pay minimum wages pursuant to the FLSA and FMWA;

    b. payment by the Defendants of liquidated damages caused by their failure to pay minimum wages pursuant to the FLSA and FMWA;

    c. payment by the Defendants of the costs and expenses of this action, including the attorneys' fees of Plaintiff's counsel;

    d. that Defendants cease and desist from their illegal practices of forcing servers

to share tips with employees who do not regularly and customarily receive tips; and,

e.  that Defendants cease and desist from their illegal practices of requiring servers to perform side work that is not incidental to tip producing activities.

49.  Plaintiff's claims are typical of the claims of members of the class. Plaintiff and members of the class have sustained damages arising out of the same wrongful and uniform employment policy of Defendants – to wit, the policy requiring servers to share tips with managers, failure to its servers a full minimum wage for work performed that is not incidental to tip producing activities, in violation of the FLSA and the FMWA.

50.  At the time of the filing of this Complaint, Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its continued maintenance.

## FIRST CAUSE OF ACTION
## MINIMUM WAGE VIOLATIONS OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §216(b)

51.  Plaintiff realleges and reincorporates all allegations contained in Paragraphs 1 through 49 as though fully stated herein.

52.  At all times material to this Complaint, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, under the FLSA.

53.  At all times material to this Complaint, Defendants employed Plaintiff and continued to employ similarly situated servers.

54.  As set forth above, Defendants have at all times material to this Complaint, utilized a policy and practice of forcing their servers to share tips with managers, who are traditionally non-tipped employees.

55. As set forth above, Defendants have at all times material to this Complaint, utilized a policy and practice of requiring their servers to perform side work that was not incidental to tip producing activities.

56. Defendants' policy and practice violates the FLSA's tip credit and minimum wage provisions.

57. Defendants' failure to pay Plaintiff and other servers the full minimum wage is a violation of 29 U.S.C. §206.

58. Notwithstanding Defendants' requirement that its Servers pay a percentage of their tips towards kitchen help and management, Defendants never provided Plaintiff or her co-workers with proper notice required by the 29 U.S.C. §203(m), and its implementing regulations, and thus was not entitled to count any amount of Plaintiff's and other class members' tips toward satisfying Defendants' minimum wage obligation.

59. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

WHEREFORE, Plaintiff, KAYLA FOX, on her own behalf and other similarly situated servers, demands judgment against Defendants, jointly and severally, YUZU and XUEMIN LI, for unpaid minimum wages, an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FLORIDA CONSTITUTION, ART. X, § 24, CHAPTER 448
## FLORIDA STATUTES

60. Plaintiff realleges and reincorporates all allegations contained within Paragraphs 1 through 50 above as though fully stated herein.

61. Plaintiff and the other similarly situated servers are/were entitled to be paid the full minimum wage for each hour worked during their employment with Defendants within the last five (5) years.

62. During her employment with Defendants, Plaintiff and those similarly situated servers were forced to share their tips with kitchen help and managers, traditionally non-tipped employees.

63. During her employment with Defendants, Plaintiff and those similarly situated servers were required to perform side work that was not incidental to tip producing activities.

64. Defendants willfully failed to pay Plaintiff and those similarly situated servers the full minimum wage for one or more weeks of work contrary to the FMWA.

65. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff and the other similarly situated servers have been damaged in the loss of minimum wages and the loss of amounts: (1) improperly taken from their tips and shared with kitchen staff and managers for one or more weeks of work with Defendants within the past five (5) years.

WHEREFORE, Plaintiff, KAYLA FOX, on her own behalf and other similarly situated servers, demands judgment against Defendants, jointly and severally, YUZU and XUEMIN LI, for unpaid minimum wages, tips improperly shared with traditionally non-tipped employees (kitchen help and managers), an additional and equal amount of liquidated damages, reasonable attorneys' fees and costs incurred in this action, an Order requiring Defendants to cease and desist from its unlawful practices and any and all further relief that this Court determines to be just and appropriate.

## **Jury Demand**

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Dated: July 11, 2018

                                          Respectfully submitted,

By: **s/Robert S. Norell, Esq.**
Robert S. Norell, Esquire
Florida Bar No. 996777
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*