IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-61582-CIV-COOKE/HUNT

KAYLA FOX, on her own behalf
and others similarly situated,

    Plaintiff,

vs.                                              **COLLECTIVE ACTION**

YUZU KAITEN SUSHI LLC,
a Florida Limited Liability Company, and
XUEMIN LI, an individual.,

    Defendants.
_____/

## PLAINTIFF'S MOTION TO FACILITATE NOTICE (29 U.S.C. § 216(b)) AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT

Plaintiff moves this Court for an order: (1) determining that this case proceed as a collective action; (2) authorizing the mailing of a proposed notice to all similarly-situated hourly tip credit employees employed by Defendant YUZU KAITEN SUSHI LLC at its restaurant located in Broward County, Florida since September 2015 to inform them of their right to opt into this lawsuit; (3) ordering Defendants to produce a computer readable data file containing the names, addresses, Social Security and telephone numbers of hourly tip credit employees within eleven days of this Court's Order granting Plaintiff's notice motion; (4) ordering that notice be mailed by Plaintiff to hourly tip credit employees within 10 days of receipt of the data file(s) from Defendants so that notice may be promptly distributed to such employees; and (5) ordering that hourly tip credit employees must return their consents to join to Plaintiff's counsel within 60 days of the date of mailing of the notice.

**I.       INTRODUCTION**

Plaintiff seeks this Court's authorization to have this case proceed as a collective action for minimum wage compensation, under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b) and the Florida Minimum Wage Act (FMWA), Florida Statutes § 448.10,[1] on behalf of all current and former hourly tip credit employees of Defendants who have been employed at their restaurant at any time from September 2015 up to and including the date of mailing of the notice (hereinafter "Affected Employees"). To facilitate collective adjudication of these claims, Plaintiff requests that the Court order Defendants to produce a computer readable data file containing the names, addresses, Social Security and telephone numbers of Affected Employees so that the notice and consent to join form may promptly be mailed to Affected Employees so that they may assert their claims on a timely basis as part of this litigation.[2]

To participate in this case, Affected Employees must affirmatively "opt-in" by filing a written consent to join. 29 U.S.C. §216(b); *Hipp v. Liberty National Ins. Co.,* 252 F.3d 1208, 1216 (11th Cir. 2001). To decide whether to opt into the case, Affected Employees should be apprised of the pendency of this case in an expedited manner; otherwise, the claims of many may be barred or

---

[1] Plaintiff has brought a state law based minimum wage claim under the Florida Minimum Wage Act, and has made allegations that a class action under Florida Rule of Civil Procedure 1.210 may be appropriate. However, at this point in the litigation, the precise size of the potential class is unknown. Should discovery bear out facts showing that there are sufficient potential class members to justify a Florida class action for FMWA claims, then the Plaintiff may move for class certification under that basis.

[2] *See,* Plaintiff's Proposed Notice and Consent to Join form attached hereto as Exhibit 1.

diminished by the statute of limitations.[3] The notice sought here provides objective, accurate information to class members regarding the nature of the lawsuit, the affect of the statute of limitations on their claims, and how to exercise their right to join this case.

A court-ordered notice and opt-in period will facilitate consolidated resolution of minimum wage claims based upon common law and facts. Such collective adjudication will avoid the proliferation of individual lawsuits that could result in disparate rulings and wasting of judicial and party resources. For these reasons, the Court should promptly authorize this case to proceed as a collective action, order the identification of Affected Employees and authorize the issuance of the proposed notice to be mailed to Affected Employees employed by Defendant in its restaurant from September 2015 to present.

## II.   ARGUMENT

### A.   The District Court Is Authorized to Issue Notice to the Potential Opt-ins.

The FLSA's "collective action" provision allows one or more employees to bring an action to recover minimum wages "on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. §216(b); *Dybach v. State of Fla. Dept. of Corrections,* 942 F.2d 1562, 1566 (11th Cir. 1991); *Harrison v. Enterprise Rent-A-Car,* 1998 U.S. Dist. LEXIS 13131, * 3 n.1 (M.D. Fla. 1998). The FMWA also allows for one or more employees to bring an action to recover minimum wages pursuant to Rule 1.220, Florida Rules of Civil Procedure.

---

[3] Under the FLSA, the statute of limitations applicable in a given action may be two years, or three for willful violations. 29 U.S.C. §255 (a).

To serve the "broad remedial purpose" of the FLSA, courts are afforded the power to give notice to other potential class members to "opt-in" to plaintiff's case. *Hoffman-LaRoche, Inc. v. Sperling,* 493 U.S. 165, 170 (1989); *Dybach,* 942 F.2d at 1567. Early court-authorized notice protects against "misleading communications" by the parties, resolves the parties' disputes regarding the content of any notice, prevents the proliferation of multiple individual lawsuits, assures joinder of additional parties is accomplished properly and efficiently, and expedites resolution of the dispute. *Hoffman-LaRoche,* 493 U.S. at 170-172; *Garner v. G.D. Searle Pharm. & Co.,* 802 F. Supp. 418, 427 (M.D. Ala. 1991).

In *Hipp v. Liberty National Life Insurance Co.,* 252 F.3d 1208 (11th Cir. 2001), the Eleventh Circuit recommended that district courts use a two-tiered procedure for certifying collective actions under § 216(b), describing the first determination as the "notice stage." *Hipp,* 252 F.3d at 1218 (citations omitted). The Court stated that at the notice stage, the district court makes a decision, "usually based only on the pleadings and any affidavits which have been submitted — whether notice of the action should be given to potential class members." *Id.* Because of the minimal evidence at this stage in litigation, the Court stated that "this determination is made using a fairly lenient standard," typically resulting in "conditional certification" of a representative class. *Id.*

The "lenient standard" "is considerably 'less stringent' than the proof required pursuant to Fed. R. Civ. P. 20(a) for joinder or Fed. R. Civ. P. 23 for class certification." *Grayson v. K Mart Corp.,* 79 F.3d 1086, 1096 (11th Cir. 1996), *cert. denied,* 117 S.Ct. 435 (1996). For an opt-in class to be created

under § 216(b), an employee need only show that he is suing his employer for himself and on behalf of other employees "similarly situated." *Id.* Plaintiffs' claims and positions need not be identical to the potential opt-in, they need only be similar. *Id.* Plaintiffs need only demonstrate "a reasonable basis" for the allegation that a class of similarly situated persons may exist. *Id.* at 1097.

Discovery is not necessary for this Court to issue notice. At the notice stage, courts determine whether plaintiffs and potential opt-in plaintiffs are "similarly situated" based upon detailed allegations in a complaint supported by declarations. *Grayson,* 79 F.3d at 1097; *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213-14 (5th Cir. 1995); *Harrison,* 1998 U.S. Dist. LEXIS 13131, *8; *Brooks v. Bellsouth Telecom,* 164 F.R.D. 561, 568 (N.D. Ala. 1995). Court-facilitated notice to the "class" regarding FLSA collective minimum wage litigation is warranted when plaintiffs demonstrate that there are others who may wish to opt-in and who are "similarly situated" with respect to the job requirements and pay provisions. *Dybach,* 942 F.2d at 1567-68; *Hipp,* 252 F.3d at 1217-18; *Garner,* 802 F. Supp. at 419. Defendant's rebuttal evidence does not bar § 216(b) notice; plaintiffs' substantial allegations need only successfully engage the employer's affidavits to the contrary. *Grayson,* 79 F.3d at 1099 n. 17.

 **B. Issuance of Notice Is Appropriate In This Case as Plaintiffs Meet the Similarly-Situated Standard**

Plaintiff readily meets the "lenient standard" for court facilitation of a FLSA collective action in this case. The detailed allegations of the Complaint and Declarations of opt-in Plaintiffs Kayla Fox, Elan Lewis, Isabella Caycedo

and Makena Hensin establish that there are other Affected Employees who may wish to "opt-in" and that they are "similarly situated" as to their job duties and pay provisions. [4]

Plaintiff has established, by virtue of three additional Plaintiffs who have filed consent to join forms, that there are similarly situated Affected Employees who were employed during the liability period and who are interested in opting into this litigation. (D.E. 12) Plaintiff is similarly situated regarding the pay provisions of Affected Employees in that she and all other Affected Employees employed by Defendants during the liability period at Defendant's business have been subjected to the same illegal compensation policies.[5]

## C. Notice Must Be Expedited Due to the Running of the Statute of Limitations

Notice to the class should be expedited in this action in order to prevent the statute of limitation from running on the claims of Affected Employees due to the short FLSA statute of limitations. As noted above, the minimum wage claims asserted herein are governed by a two-year statute of limitations or, in the case of "willful violation," a three-year statute of limitations. 29 U.S.C.

---

[4] Plaintiff alleges that she and other similarly situated employees: (1) were paid the tip credit by the hour; (2) were required to pay a percentage of their tips to the restaurant that were used to compensate non-tip credit waged employees and management in violation of 29 C.F.R. §§531.34 and 531.51; and were required to perform unrelated job duties that do not generate tips in violation of 29 C.F.R. §531.59. *See* D.E. 1, Complaint at ¶6, and Declarations of Kayla Fox, Isabella Caycedo and Makena Hensin (hereinafter "Fox Decl.", "Caycedo Decl.", and "Hensin Decl." and Exhibits 2, 3, and 4 respectively) at ¶¶2, 3, 6 and 7 for Fox Decl., ¶¶2, 3, 5 and 6 for Caycedo Decl., and ¶¶2, 3, 6 and 7 for Hensin Decl.

[5] D.E. 1 at ¶6 and ¶¶ 3 and 5 of Fox Decl., ¶¶ 3 and 5 of Lewis Decl. (Exhibit 5), ¶¶ 3 and 4 of Caycedo Decl., and ¶¶ 3 and 5 of Hensin Decl.

§255(a); *Knight,* 19 F.3d at 582. A violation is willful if the defendant either knew his conduct violated the FLSA or showed reckless disregard for whether his conduct complied with the act. *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133 (1988).

The statute of limitations is not tolled for any Affected Employee until that individual has filed a written consent to join form with the Court. *Grayson,* 79 F.3d at 1105-06. Therefore, the need for notice is great. Consequently, the statute of limitations will potentially begin diminishing the value of the claims of Affected Employees with each day that passes after August 2015. The information contained in the proposed notice is thus essential to allow Affected Employees to act to protect their interests.[6] Without notice, they are unaware of the pendency of the action or of their rights to opt-in. Therefore, notice should be expedited in this action to the maximum extent feasible and should be sent to all persons who were employed by Defendants within the liability period. *See, Krieg,* 2002 U.S. Dist. LEXIS 4861, *3; *Belcher v. Shoney's, Inc.,* 927 F. Supp. 249, 252 (M.D. Tenn. 1996)(ordering notice to all employees who were employed within the maximum, three year statute of limitations); *Herrera v. Unified Mgmt. Corp.,* 2000 U.S. Dist. LEXIS 12406 (same).

**D.     The Proposed Notice is Fair and Adequate**

A collective action depends "on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-LaRoche,* 493 U.S. at 170. Court-authorized notice prevents "misleading communications." *Id.* at

---

[6] See Exhibit 1.

172; *Garner,* 802 F. Supp. at 422.

Plaintiff's proposal for court-approved notice[7] to the potential opt-ins is "timely, accurate, and informative," as required. *Hoffman-LaRoche,* 493 U.S. at 172. It provides notice of the pendency of the action and of the opportunity to opt-in.[8] Plaintiffs' legal claims are accurately described.[9] Potential opt-ins are advised that Defendant is defending against the claims[10] and that they are not required to participate.[11] The notice provides clear instructions on how to opt in[12] and accurately states the prohibition against retaliation or discrimination for participation in an FLSA action.[13] *See* 29 U.S.C. §215(a)(3); *Reich v. Davis,* 50 F.3d 962 (11th Cir. 1995). The notice informs Affected Employees that the Court has not made any determination regarding the merits of the Plaintiff's claims.[14]

Plaintiff proposes that the notice and consent to join forms be mailed by first-class mail to all Affected Employees employed from September 2015 to the date of the mailing of the notice. Those class members interested in participating would be required to mail their consent to join forms to Plaintiff's counsel so that they could be filed with the Court within 60 days of the mailing. [15] This is consistent with established practice under the FLSA.

---

[7] Id.
[8] Id. at §§I, V and X.
[9] Id. at § II.
[10] Id.
[11] Id. at § VIII.
[12] Id. at § X.
[13] Id. at § XI.
[14] Id. at § III.
[15] Robert S. Norell, P.A. will receive and file all consent to join forms with the Court.

*Hoffman-LaRoche,* 493 U.S. at 172; *Garner,* 802 F. Supp. at 422 (cut-off date expedites resolution of action); *Belcher,* 927 F. Supp. at 252-55 (exemplar of company-wide notice).

In sum, the proposed notice is fair and accurate and should be approved for distribution.

### E.  The Proposed Limited Discovery Is Essential to Ensure Timely Notice

Early discovery of a mailing list for class members is a routine component of notice in collective actions. *Hoffman-LaRoche,* 493 U.S. at 170 ("District Court was correct to permit discovery of the names and addresses…"); *Grayson,* 79 F.3d at 1111 (ordering production of mailing list); Belcher, 927 F. Supp. at 252 (same). Indeed, such a mailing list is essential to the timely notice required by 29 U.S.C. § 216(b). *Hoffman-LaRoche,* 493 U.S. at 170 ("timely notice" required).

### III.  CONCLUSION

For the foregoing reasons the Court should grant this motion and enter Plaintiff's proposed Order which will: (1) authorize this matter to proceed as a collective action; (2) authorize mailing of the proposed notice to all Affected Employees working for Defendant in its restaurant within three years of the date of mailing the notice; (3) within eleven days of the Court's Order granting Plaintiff's motion, require Defendants to produce a computer-readable data file containing the names, addresses, Social Security and telephone numbers of all such Affected Employees so that notice may be implemented; (4) authorize Plaintiff's counsel to mail the notice to all Affected Employees within ten days

of receipt of the data files; and allow Affected Employees to mail their consents to join to Plaintiff's counsel so that they may be filed with the Court within sixty days of the mailing of the notice.

### **Local Rules 7.1 Certification**

By executing this Motion, Counsel for Plaintiff certifies, pursuant to Local Rule 7.1, that Robert S. Norell has conferred with Defendants' counsel, who has indicated that Defendants oppose the relief requested herein.

Dated:  September 13, 2018
Plantation, Florida

Respectfully submitted,

s/Robert S. Norell
Robert S. Norell, Esq.
Fla. Bar No. 996777
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Tel.: (954) 617-6017
Fax: (954) 617-6018
*Counsel for Plaintiff*

## Certificate of Service

I hereby certify that on September 13, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   s/Robert S. Norell
      Robert S. Norell

## SERVICE LIST
Case No.: 18-61582-CIV-COOKE/HUNT

| | |
|---|---|
| Robert S. Norell, Esq. | Jeffrey Harrington, Esq. |
| E-Mail: rob@floridawagelaw.com | E-Mail: jeff@myhlaw.com |
| **ROBERT S. NORELL, P.A.** | **HARRINGTON LEGAL ALLIANCE** |
| 300 N.W. 70th Avenue | 100 South Olive Ave. |
| Suite 305 | West Palm Beach, FL 33401 |
| Plantation, FL 33317 | Tel.: (561) 253-6690 |
| Tel.: (954) 617-6107 | Fax: (561) 429-8488 |
| Fax: (954) 617-6018 | *Counsel for Defendants* |
| *Counsel for Plaintiff* | Method of Service: CM/ECF |