UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.: 18-61582-CIV-COOKE/HUNT

KAYLA FOX, on her own behalf
and others similarly situated,

                         Plaintiff,

vs.

YUZU KAITEN SUSHI LLC,
a Florida Limited Liability Company, and
XUEMIN LI, an individual,

                         Defendants.
_____/

## <u>REPORT AND RECOMMENDATION</u>

This Matter comes before this Court on Plaintiff's Motion for Conditional Certification of an FLSA Collective Action, for Court-Authorized Notice, and For Disclosure of the Names and Addresses of Potential Opt-In Plaintiffs.  ECF No. 20.  The Honorable Marcia G. Cooke referred this Motion to the undersigned for a Report and Recommendation.  ECF No. 23; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Plaintiff is a former tipped server for Defendants' restaurant, and has brought suit under the Fair Labor Standards Act, 29 U.S.C. § 206(a) ("FLSA") asserting claims for unpaid minimum wages.  Defendants did not file a response to the present Motion.  Having carefully reviewed the Motion, the entire case file, and applicable law, and being otherwise fully advised in the premises, the undersigned recommends the motion be GRANTED IN PART AND DENIED IN PART.

## Legal Standard

Section 216(b) of the FLSA provides, in pertinent part:

> Any employer who violates [the minimum wage or maximum hours provisions of this title] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.  Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.  No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

> 29 U.S.C. § 216(b).  District courts have discretionary power to authorize the sending of notice to potential class members in a collective action brought pursuant to § 216(b).  *See Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989); *Hipp v. National Life Ins. Co.,* 252 F.3d 1208, 1219 (11th Cir.2001) ("The decision to create an opt-in class under § 216(b), like the decision to certify a class under Rule 23, remains soundly within the discretion of the district court").  The power to authorize notice must, however, be exercised with discretion and only in appropriate cases.  *See Haynes v. Singer Co.,* 696 F.2d 884, 886 (11th Cir.1983).

*Horne v. United Servs. Auto. Ass'n*, 279 F. Supp. 2d 1231, 1233 (M.D. Ala. 2003)

(footnote omitted).

## Analysis

"Courts utilize a two-tiered approach in making collective action certification determinations under the FLSA."  *Vondriska v. Premier Mortg. Funding, Inc.*, 564 F. Supp. 2d 1330, 1333–34 (M.D. Fla. 2007).  The first tier, the so-called "notice stage," is before this Court today.

> At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members.  Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in "conditional certification" of a representative class.  If the

district court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in."  The action proceeds as a representative action throughout discovery.

*Id.* (quoting *Hipp*,  252 F.3d at 1218).

A Court at this stage in the litigation must determine, "1) whether there are other employees who desire to opt in to the action; and 2) whether the employees who desire to opt in are 'similarly situated.'"  *Id.* (citing *Dybach v. State of Fla. Dep't of Corrs.,* 942 F.2d 1562, 1567-68 (11th Cir.1991)).  "This determination is made using a fairly lenient standard."  *Id.* (citing *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 n. 2 (11th Cir. 2003)).

Plaintiff has submitted four declarations in support of the Motion.  At least one other Court has found such evidence to be sufficient, if meager, under the lenient standard afforded conditional certification.  *Whineglass v. Smith*, No. 8:11-CV-2784-T-23TGW, 2012 WL 6163067, at *5 (M.D. Fla. Nov. 14, 2012), *report and recommendation adopted*, No. 8:11-CV-2784-T-23TGW, 2012 WL 6139006 (M.D. Fla. Dec. 11, 2012).

Plaintiff here alleges that the employees are similarly situated in that they "(1) were paid the tip credit by the hour; (2) were required to pay a percentage of their tips to the restaurant that were used to compensate non-tip credit waged employees and management in violation of 29 C.F.R. §§531.34 and 531.51; and were required to perform unrelated job duties that do not generate tips in violation of 29 C.F.R. §531.59." ECF No. 20 at 6 n. 4.

The Declarations, from Plaintiff and three other "opt-ins," that accompany the Motion, ECF Nos. 20-2, 20-3, 20-4, and 20-5, support those allegations.  All four

Declarations are from former servers who were paid hourly wages plus tips, and claim that the servers' tips were reduced to compensate non-tipped employees and to pay for credit card fees. The Declarations also allege the former employees had to take on significant non-tip generating cleaning and food prep duties. The Declarations further claim several co-workers faced the same situation.

"A pattern or standard practice of denying due compensation may satisfy the 'similarly situated' requirement for conditional certification of a collective action." *Id.* (citations omitted). Given that four servers have already "opted in," and that the allegations of those servers are practically identical, the undersigned finds there are likely others similarly situated such that conditional certification for the purposes of notice is justified. Likewise, this Court agrees that such notice should be mailed to those similarly situated individuals employed within the three-year statute of limitations applicable to this lawsuit, and that the notice proposed, ECF No. 20-1, is "timely, accurate, and informative." *Hoffmann-La Roche Inc.,* 493 U.S. at 172.

As to finding those similarly-situated employees, Plaintiff asks this Court to allow early discovery of "a computer-readable data file containing the names, addresses, Social Security and telephone numbers of all such Affected Employees so that notice may be implemented." ECF No. 20 at 9. However, the two cases Plaintiff cites for the proposition that such discovery is allowable, *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1111 (11th Cir. 1996) and *Belcher v. Shoney's, Inc.*, 927 F. Supp. 249, 252 (M.D. Tenn. 1996), required only the names and last known mailing addresses of said employees to be turned over. The undersigned agrees that limiting discovery to just the names and addresses of possibly affected employees would adequately accomplish Plaintiff's goals

without exposing more information than necessary, and therefore recommends granting Plaintiff's request only to that extent.

**Recommendation**

Plaintiff's Motion for Conditional Certification of an FLSA Collective Action, ECF No. 20, should be GRANTED IN PART AND DENIED IN PART.  Count I of Plaintiff's action should be conditionally certified.  Plaintiff's proposed notice, ECF No. 20-1, should be approved for distribution to potential class members.  Defendants should produce to Plaintiff the names and addresses of all potential class members within fourteen (14) days of the Order on this Report and Recommendation.  After Defendants have produced the names and addresses of potential class members to Plaintiff, Plaintiff shall have thirty (30) days to distribute notice.

Within fourteen days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND SUBMITTED** at Fort Lauderdale, Florida this 10th day of December 2018.

PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
   The Honorable Marcia G. Cooke
   All Counsel of Record