IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CONSENT CASE
CASE NO.: 18-61582-CIV-HUNT

KAYLA FOX, on her own behalf
and others similarly situated,

    Plaintiff,                                        **Collective Action**

vs.

YUZU KAITEN SUSHI LLC,
a Florida Limited Liability Company, and
XUEMIN LI, an individual,

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF PARTIES' CONFIDENTIAL SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE AND REQUEST FOR FAIRNESS HEARING**

Plaintiff, KAYLA FOX ("Plaintiff") and Defendants, YUZU KAITEN SUSHI LLC, and XUEMIN LI ("Defendants"), by and through their undersigned counsel, pursuant to the Federal Rules of Civil Procedure and Local Rules for the Southern District of Florida, hereby file this Joint Motion for Approval of the Parties' settlement, and state the following:

1. On July 11, 2018, Plaintiff filed her two-count Complaint (D.E. #1) on behalf of herself and other current and former employees of Defendants similarly situated to Plaintiff as "servers," for minimum wage compensation and other relief under the Fair Labor Standards Act (hereinafter "FLSA"), as amended, 29 U.S.C. §216(b), as well as the Florida Minimum Wage Act, Florida Statutes §448.110, and Fla. Const. Art. X §24 (hereinafter "FMWA").

2. On January 11, 2019, this Court entered its Order granting in part and denying in part, Plaintiff's Motion for Conditional Certification of an FLSA Action. (D.E. #27).

3. In addition to Plaintiff Kayla Fox, three (3) other former employees of Defendants opted in to this lawsuit.

4. Following written discovery and depositions, and good faith discussions about trying to resolve this case, the Parties attended a seven-hour mediation and ultimately reached a resolution.

5. Pursuant to <u>Lynn's Food Stores, Inc. v. U.S.</u>, 679 F.2d 1350 (11th Cir. 1982), claims arising under the FLSA may be settled only with the approval of the Court or Secretary of Labor. In the instant case, the Parties stipulate that the negotiated settlement reached represents a fair resolution of Plaintiffs' claims in this case.

6. Despite the Parties' disagreement about the nature and amount of Plaintiffs' claims and Defendants' defenses, after exchanging records, the Parties have agreed upon a compromise to resolve all of Plaintiffs' claims as set forth in the Parties' Confidential Settlement Agreement.

7. Under the Parties' Settlement Agreement, Plaintiffs will receive consideration from Defendants for all of their potential minimum wages they could be owed based upon actual time records. Plaintiffs will also receive an additional sum as consideration for alleged liquidated damages and other potential damages.

8. Defendants have also agreed to pay an amount in resolution of all of Plaintiff's claims for attorneys' fees and costs, which consideration is distinct

from the amounts being paid to resolve Plaintiffs' underlying claims. As numerous Courts have held, where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." Bonetti v. Embarq Management Co., 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009).

9. Since July 2018 when Plaintiffs' counsel was retained to investigate FOX's, Plaintiff's counsel has incurred over 70 hours[1] of attorney time in prosecuting this action from inception to date at a rate of $395.00 an hour for lead counsel Robert S. Norell, Esq., plus approximately $3,000.00 in litigation costs. A compromise sum is being accepted in resolution of all of Plaintiffs' attorneys' fees and costs as part of facilitating a settlement in this matter, such that with Defendant paying cost reimbursements for the filing fee, service of process, and deposition fees, the Parties' settlement ensures that Plaintiff's recovery is not adversely affected.

10. Assuming the agreement meets with the Court's approval, the Parties request entry of an Order approving the settlement agreement.

11. Additionally, because the structure of the Parties' Confidential Settlement Agreement entails Defendants making payments over five (5) months,

---

[1] Plaintiff's counsel keeps contemporaneous time records through RocketMatter software and should the Court require, will provide detailed billing records to support the actual fees and costs incurred during the pendency of this case.

the Parties jointly request the Court retain jurisdiction for until July 31, 2019 to enforce the Parties' settlement.

12.   Finally, the Parties advise the Court that their Settlement Agreement provided to the Court reflects every term of the Parties' settlement, such that there are no side or other agreements, and consistent with Lynn's Food, the compromise herein is fair and reasonable and should therefore be approved.

13.   Accordingly, the Parties jointly request that the Court review the Parties' Confidential Settlement Agreement in camera[2], enter an Order approving the settlement agreement, and following entry of such Order, enter an Order dismissing this case with prejudice, with the Court retaining jurisdiction to enforce the terms of the settlement agreement. In the alternative, the Parties request a telephonic fairness hearing should the Court require additional information beyond the Confidential Settlement Agreement and breakdown of the settlement funds being paid by the Defendants.

Respectfully submitted on March 8, 2019,

| s/Robert S. Norell | s/Jeffrey Harrington, Esq. |
|---|---|
| Robert S. Norell, Esq. | Jeffrey Harrington, Esq. |
| Fla. Bar No. 996777 | Fla Bar No. 55981 |
| E-Mail: rob@floridawagelaw.com | E-Mail: jeff@myhlaw.com |
| **ROBERT S. NORELL, P.A.** | **HARRINGTON LEGAL ALLIANCE** |
| 300 NW 70th Avenue | 100 South Olive Ave. |
| Suite 305 | West Palm Beach, FL 33401 |
| Plantation, FL 33317 | Telephone.: (561) 253-6690 |
| Telephone: (954) 617-6017 | Facsimile: (561) 429-8488 |
| Facsimile: (954) 617-6018 | *Counsel for Defendants* |
| *Counsel for Plaintiff* | |

---

[2] The Parties request that they be permitted to forward the Confidential Settlement Agreement to the Court via E-Mail and that the Court review the terms in camera rather than having to file the document via CM/ECF.

## Certificate of Service

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been served in the manner specified upon the following parties on the attached service list on March 8, 2019.

*s/Robert S. Norell*
Robert S. Norell

## Service List
CASE NO.: 18-61582-CIV-HUNT

Robert S. Norell, Esq.
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 NW 70th Avenue
Suite 305
Plantation, FL 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*

Jeffrey Harrington, Esq.
E-Mail: jeff@myhlaw.com
**HARRINGTON LEGAL ALLIANCE**
100 South Olive Ave.
West Palm Beach, FL 33401
Telephone.: (561) 253-6690
Facsimile: (561) 429-8488
*Counsel for Defendants*
Method of Service: CM/ECF